**WO**                                                                    MDR

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Subham Subham, | No. CV-26-03655-PHX-MTL (JFM) |
| Petitioner, | **ORDER** |
| v. | |
| Fred Figueroa, et al., | |
| Respondents. | |

Petitioner, through counsel, filed a Petition for Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 challenging his immigration detention. The Court will deny the Petition.

**I.     Petition**

Petitioner makes the following allegations in his Petition. On January 2, 2023, Petitioner, an Indian citizen, entered the United States without inspection, approached border officials, and informed them he had a fear of returning to India. (*Id*. ¶¶ 7-8.) He was detained and then released on humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5)(A). (*Id*. ¶ 9.) Petitioner complied with the conditions of his parole; attended court hearings; timely filed an asylum application, which is still pending; attended his biometrics appointment; obeyed the law; obtained a work permit, driver's license, and Social Security card; and worked as a truck driver. (*Id*. ¶¶ 9-10). Petitioner was re-detained by Immigration and Customs Enforcement on May 12, 2026, without notice, an

opportunity to be heard, or a showing of changed circumstances. (*Id*. ¶¶ 11-12.) He remains in detention. (*Id*. ¶12.)

In his first claim for relief, Petitioner contends his re-detention violated his Fifth Amendment rights because he was not provided with a pre-detention hearing and because his circumstances have not changed since he was granted parole. (*Id*. at 31-33.) In his second ground for relief, he asserts his detention should be governed by 8 U.S.C. § 1226(a), not § 1225(b)(2). (*Id*. at 33-34.) In his third ground for relief, Petitioner claims his detention violates the Administrative Procedure Act (APA) because Respondents acted arbitrarily and capriciously, revoked his parole without a description of the reasons for doing so, and detained him without considering his individualized facts and circumstances. (*Id*. at 34-36.)

## II.    Discussion

First, Petitioner was not entitled to a hearing before being re-detained. Under 8 U.S.C. § 1182(d)(5), the "Secretary of Homeland Security may . . . in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States." Aliens paroled under this section are not deemed admitted and "when the purposes of [the] parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien *shall* forthwith return or be returned to the custody from which he was paroled" and "his case shall continue to be dealt with in the same manner as that of any other applicant for admission." *Id.* (emphasis added).

The Ninth Circuit has explained that there is "no substantive liberty or property interest . . . in temporary parole status." *Wong v. United States*, 373 F.3d 952, 968 (9th Cir. 2004), *abrogated on other grounds as stated in Pettibone v. Russell*, 59 F.4th 449, 452-53 (9th Cir. 2023). "The [Immigration and Nationality Act (INA)] does not create any liberty interest in temporary parole that is protected by the Fifth Amendment," but instead "makes clear that whether and for how long temporary parole is granted are matters entirely within the discretion of the Attorney General." *Id.* And as the Supreme Court has

explained, the "procedural component of the Due Process Clause does not protect everything that might be described as a 'benefit.'" *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005). For example, "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Id.* By its own terms, parole under § 1182(d)(5) is such a benefit that may be granted or denied in the discretion of the Secretary of Homeland Security. Petitioner therefore lacks any interest in maintaining his parole that is protected by the Due Process Clause and that would require the government to provide him with a hearing before terminating parole.

Second, "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . . ) shall be deemed for purposes of this chapter an applicant for admission." 8 U.S.C. § 1225(a)(1). Applicants for admission who are found "not clearly and beyond a doubt entitled to be admitted . . . shall be detained." 8 U.S.C. § 1225(b)(2)(A). Aliens classified under § 1225(b)(2)(A) are not entitled to a bond hearing. *See Chavez v. Noem*, 819 F. Supp. 3d 958, 959-61 (D. Ariz. 2026); *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 499 (5th Cir. 2026) ("Section 1225(b)(2) does not include any exception that permits the government to release detained aliens on bond."). Petitioner was not found "clearly and beyond a doubt entitled to be admitted," 8 U.S.C. § 1225(b)(2)(A), and, therefore, is properly classified as subject to mandatory detention under § 1225.

That Petitioner was paroled upon his entry to the United States does not change the Court's analysis. *Vazquez Romero v. Garland*, 999 F.3d 656, 661 (9th Cir. 2021) ("The parole of an alien into the United States does not affect the alien's immigration status. Aliens paroled elsewhere in the country for years pending removal are treated for due process purposes as if stopped at the border." (citations and quotation marks omitted)). Petitioner's status did not change when he was granted parole, nor did it change when his parole was revoked. *See* 8 U.S.C. § 1182(d)(5)(A) (stating that "parole of such alien shall not be regarded as an admission of the alien"); 8 C.F.R. § 1.2 (stating that an "arriving alien remains an arriving alien even if paroled pursuant to [8 U.S.C. § 1182(d)(5)], and even

after any such parole is terminated or revoked").

Third, an alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute," and the "Due Process Clause provides nothing more." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Lopez v. Noem*, No. CV-26-00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026). As the Supreme Court has long held, in these circumstances "the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, *are* due process of law." *Thuraissigiam*, 591 U.S. at 138 (emphasis added) (citation omitted). Petitioner was not entitled to anything beyond the process provided him under the INA before being re-detained. *See Angov v. Lynch*, 788 F.3d 893, 898 (9th Cir. 2015) (rejecting that an alien's "constitutional right to procedural due process" was violated because the alien "never formally entered the United States" and thus "ha[d] no such right").

Finally, the Court lacks jurisdiction to review the decision to terminate Petitioner's parole. "[N]o court shall have jurisdiction to review" any "decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified . . . to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ." 8 U.S.C. § 1252(a)(2)(B)(ii). The Ninth Circuit has held that a district court "properly reject[s] [the] argument that it [has] jurisdiction to review the revocation of advance parole" under 8 U.S.C. § 1182(d)(5). *See Hassan v. Chertoff*, 593 F.3d 785, 789-90 (9th Cir. 2010) (per curiam); *see also Vazquez Romero*, 999 F.3d at 665 ("[T]he jurisdiction-stripping provision of § 1252(a)(2)(B)(ii) applies to discretionary parole decisions under § 1182(d)(5)."); *Torres v. Barr*, 976 F.3d 918, 931-32 (9th Cir. 2020) (en banc) ("[T]he parole authority under [8 U.S.C. § 1182(d)(5)] of the [INA] is delegated solely to the Secretary of Homeland Security . . . ." (third alteration in original) (quotation marks omitted)). Indeed, § 1182(d)(5) (emphasis added) provides that an alien previously granted parole must be returned to custody "when the purposes of such parole shall, *in the opinion of the Secretary of Homeland Security*, have been served." Additionally, the APA

states that it does not apply to "statutes [that] preclude judicial review" or to "agency action [that] is committed to agency discretion by law." 5 U.S.C. § 701(a); *see also Padilla v. Bondi*, No. CV-24-00332-TUC-JCH, 2025 WL 2663010, at *5 (D. Ariz. Sep. 17, 2025) (stating the "Court does not have the jurisdiction to review the denial of Plaintiff's advance parole application" and citing 5 U.S.C. § 701(a) and 8 U.S.C. § 1252(a)(2)(B)); *Syed v. Mayorkas*, No. 3:23-cv-00083-IM, 2023 WL 6596330, at *3 (D. Or. Oct. 10, 2023) ("Because the decision to parole Plaintiff into the United States is discretionary under § 1182(d)(5), the INA and APA prevent this Court from reviewing the USCIS's decision.").

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **denied**. The Clerk of Court must enter judgment accordingly and close this case.

Dated this 29th day of May, 2026.

Michael T. Liburdi
United States District Judge